# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:10-CR-00037-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | **CERTIFICATION AND** |
| MELEIK KAREEM WELCH, ) | **ORDER OF CONTEMPT** |
| ) | |
| Defendant. ) | |
| ) | |

Pursuant to Fed. R. Crim. P. 42(b) and 18 U.S.C. § 401, the undersigned United States District Judge certifies that:

1. Defendant Meleik Kareem Welch personally appeared before the Court on July 19, 2010, for trial and was represented by counsel.

2. Prior to jury selection, the Court engaged in a lengthy discussion with Defendant regarding the nature of the charges against him and counsel's representation of Defendant. During this discussion, Defendant repeatedly interrupted the Court and raised frivolous arguments concerning the Court's jurisdiction over the pending criminal matter. The Court allowed Defendant an opportunity to make his arguments on the record, found the arguments to be completely without merit and frivolous, and instructed Defendant that his objections were preserved for appellate purposes and that no further argument would be allowed.

3. Nevertheless, Defendant continued to reassert his frivolous arguments, purposefully interrupting the Court countless times. After Defendant continued to be combative and disruptive (as reflected in the transcript for July 19, 2010), the Court again instructed Defendant to cease interrupting the Court and warned him that continued misbehavior would result in contempt charges.

Defendant appeared to understand this warning and, for a brief time, remained quiet while the Court was speaking.

4. Defendant again became belligerent, yelling in a loud voice while the Court was attempting to speak. The Court found Defendant to be summarily in contempt and cautioned Defendant that additional outbursts could constitute additional contempts of court.

5. As reflected by the transcript, Defendant continued to be disrespectful by interrupting the Court over eighteen (18) times. Each time, either the Court, counsel, or the marshal would quell Defendant, who would–for some time–stop talking such that Defendant's misbehavior did not necessarily constitute one continuous outburst. According to the transcript, Defendant's misconduct took up close to an hour of the Court's time.

6. In an effort to move ahead with jury selection, which had been delayed as a result of Defendant's misbehavior, the Court deferred ruling on whether the Court would punish Defendant's contemptuous behavior as criminal contempt until the close of trial.

7. Following the jury's verdict on July 20, 2010, the Court reiterated its findings from the day before regarding Defendant's misconduct and revisited the issue of criminal contempt. Prior to issuing a ruling, the Court provided both Defendant and his counsel an opportunity to be heard. The Court then found Defendant to have committed eighteen (18) acts of criminal contempt. After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court sentenced Defendant to 179 days for each instance of contempt, to be served concurrently and with credit for time served since Defendant's arrest on February 22, 2010.

8. Defendant has a history with the undersigned of disrupting the Court to make frivolous arguments during hearings. See Doc. No. 24 (Transcript of Suppression Hearing, July 16, 2010). The Court hereby incorporates the entire record of proceedings in this case.

9. For purposes of this Order, Defendant committed all eighteen (18) instances of contempt in one proceeding on July 19, 2010. In <u>United States v. Murphy</u>, 326 F.3d 501 (4th Cir. 2003), the Fourth Circuit considered whether the defendant's outbursts constituted a single instance of misbehavior or multiple instances. The <u>Murphy</u> court held that 18 U.S.C. § 401 "is ambiguous with regard to the allowable unit of prosecution and that the rule of lenity dictates that the ambiguity be resolved in [the defendant's] favor, " thus resulting in the Court's striking of two of the three contempt findings that occurred as a continuous course of conduct. <u>Id.</u> at 504 (citations omitted). In light of the Court's holding in <u>Murphy</u>, the Court hereby modifies its earlier oral ruling and finds that each of the eighteen instances of disruptive behavior shall be treated as a single contempt offense.

In consideration thereof, it is ORDERED, ADJUDGED, and DECREED that Defendant Meleik Kareem Welch is in direct and summary criminal contempt of court pursuant to Fed. R. Crim. P. 42(b) and 18 U.S.C. § 401, and as a consequence shall be punished by a term of one hundred and seventy-nine days (179) imprisonment with credit to be given for time served by Defendant since his arrest. The Court has reviewed the sentencing factors in 18 U.S.C. § 3553(a) and finds this sentence to be sufficient, but not greater than necessary, to accomplish the purposes of that statute.

The Clerk is DIRECTED to serve a copy of this Order to counsel for the Government, defense counsel, the United States Marshal Service, and the United States Probation Office.

IT IS SO ORDERED.

Signed: July 21, 2010

Frank D. Whitney
United States District Judge